**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 9, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

TERRY L. DEAN,

  Plaintiff-Appellant,

v.

THE BOEING COMPANY,
a Delaware Corporation,

  Defendant-Appellee.

No. 07-3060
(D.C. No. 05-CV-1342-MLB)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **PORFILIO**, and **ANDERSON**, Circuit Judges.

---

Plaintiff-appellant Terry L. Dean is an African-American former employee

of defendant-appellee The Boeing Company who brought suit against Boeing

alleging racial discrimination in violation of Title VII of the Civil Rights Act,

42 U.S.C. §§ 2000e to 2000e-17; the Kansas Acts Against Discrimination Act

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

(KAAD), Kan. Stat. Ann. §§ 44-1001 through 44-1044; and 42 U.S.C. § 1981.[1]

Mr. Dean alleged disparate treatment discrimination, retaliation, hostile work environment discrimination, and constructive discharge.

The district court held in regard to Mr. Dean's Title VII claims that he had not exhausted the administrative remedies for his claims that were based on conduct occurring before June 2003. It also held that Mr. Dean's § 1981 claims

---

[1]     Under 42 U.S.C. 2000e-2(a)(1), it is unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."

Under Kan. Stat. Ann. § 44-1009, it is unlawful:

[f]or an employer, because of the race, religion, color, sex, disability, national origin or ancestry of any person to refuse to hire or employ such person to bar or discharge such person from employment or to otherwise discriminate against such person in compensation or in terms, conditions or privileges of employment; to limit, segregate, separate, classify or make any distinction in regards to employees; or to follow any employment procedure or practice which, in fact, results in discrimination, segregation or separation without a valid business necessity.

Under 42 U.S.C. § 1981(a):

All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

based on conduct occurring before November 14, 2001, were barred by the applicable statute of limitations. The district court then granted Boeing summary judgment on Mr. Dean's remaining claims. Mr. Dean appeals from this grant of summary judgment, arguing that the district court erred by (1) failing to consider incidents of discrimination occurring prior to November 14, 2001, as background evidence of later discrimination, and (2) by granting summary judgment as to Mr. Dean's claims for disparate treatment discrimination, retaliation, hostile work environment, and constructive discharge. Exercising our jurisdiction under 28 U.S.C. § 1291, we affirm.

## I. Analysis

The facts of this case need not be repeated in full here as they are well known to the parties and are set forth in detail in the district court's January 25, 2007, memorandum and order.

## A. Four-Year Statute of Limitations for § 1981 Claims

In his first point, Mr. Dean agrees that under the applicable four-year statute of limitations, discriminatory actions of Mr. Petsche, his manager, that occurred prior to November 14, 2001, could not serve as the bases for independent discrimination claims. But he argues that the district court failed to consider these earlier incidents as "background evidence" supporting his claim that the non-discriminatory reasons that Boeing advanced for the adverse employment actions that *were* properly at issue, were mere pretext.

There are two specific incidents that occurred between Mr. Petsche and Mr. Dean that are at issue. In 1998, Mr. Petsche refused to authorize time off without pay for Mr. Dean so that he could visit a friend who was dying of cancer. Also in 1998, Mr. Dean received a corrective action memorandum (CAM) for leaving his work area and retrieving something from his car without clocking out.

It is clear that in the pretrial order Mr. Dean treated these as separate incidents of discrimination and separate claims. In the memorandum supporting its motion for summary judgment, Boeing argued that these two claims of discrimination were barred by the four-year statute of limitations applicable to race discrimination claims under 42 U.S.C. § 1981. In his response to that motion, Mr. Dean agreed that these events occurred outside the applicable four-year statute of limitations, but argued that "[e]vidence of prior discriminatory conduct outside the statute of limitations window may still be introduced and considered as evidence tending to establish discrimination." Aplt. App., Vol. I at 334. Mr. Dean cited *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002), as support for this argument.

The district court held that *Morgan* was inapplicable because that case "discussed using prior acts only for the sake of 'background evidence,' not as separate acts of discrimination as [Mr.] Dean seeks to do." Aplee. Supp. App. at 10 (quoting *Morgan*, 536 U.S. at 113). The court went on to hold that equitable doctrines such as the continuing violations doctrine that might be

utilized in regard to a Title VII action were not applicable when considering Mr. Dean's § 1981 claims. The court therefore held that Mr. Dean's § 1981 claims for conduct that occurred outside the four-year statute of limitations could not be considered and granted summary judgment as to those claims.

On appeal, Mr. Dean claims that he never sought to use these claimed incidents of discrimination as compensable claims but was only presenting them as "background evidence" and that the district court should have considered them as such. The problem with this argument is that there is nothing to show that the court *did not* consider these incidents as background evidence. The district court discussed these incidents in as much detail as any of the other claimed incidents in the factual section of its decision. *See* Aplee. Supp. App. at 3-4. Based on those facts, the district court noted Mr. Dean tried to prove pretext by "continuously pointing to [Mr.] Petsche's apparent dislike of [Mr.] Dean." *Id*. at 16. We will not simply assume that the district court gave no consideration to these incidents in reaching its decision especially in light of their limited relevance to the adverse employment actions actually at issue.

B. Race Discrimination–Disparate Treatment

1. October 2003 CAM

In his second point on appeal, Mr. Dean argues that the district court erred in holding that he had not proven a prima facie case of disparate treatment race

discrimination in regard to his receipt of a corrective action memorandum (CAM) in October 2003. Mr. Dean missed several days in September and October of 2003. He alleged that these absences were due to problems that he was still experiencing from a 1999 workplace injury. He presented a note from his personal physician to excuse these absences. Mr. Petsche was told by Boeing's human resources department that since Mr. Dean had exhausted his Family Medical Leave Act (FMLA) leave for 2003 he would need to see a Boeing authorized physician in order for the absences to be considered excused due to a previous workplace injury. Mr. Dean went to see such a physician but claims he was told by the physician that he simply needed to leave his x-rays for examination. The human resources department became aware that Mr. Dean had not actually met with the physician and the employee handling the request instructed Mr. Petsche to treat the absences as unexcused.[2] Mr. Petsche therefore prepared the October 2003 CAM for the unexcused absences. Mr. Dean claims the refusal to treat the absences as excused, despite the fact that he was acting at the request of the physician when he left his x-rays, was racially motivated.

We first note that "[c]ases establish that, in racial discrimination suits, the elements of a plaintiff's case are the same, based on the disparate treatment elements outlined in *McDonnell Douglas* [*Corp. v. Green*, 411 U.S. 792 (1973)],

_____

[2]     Mr. Petsche refused to clock the absences as vacation because Mr. Dean was under a previously issued CAM regarding attendance.

whether that case is brought under §§ 1981 . . . or Title VII." *Drake v. City of Fort Collins*, 927 F.2d 1156, 1162 (10th Cir. 1991). Further, these same standards apply to the KAAD. *See Swackhammer v. Sprint/United Mgmt. Co.*, 493 F.3d 1160, 1166 n.7 (10th Cir. 2007).

> Under *McDonnell Douglas*, if the plaintiff can establish a prima facie case of discrimination or retaliation, the burden shifts to the defendant to show a legitimate non-discriminatory or non-retaliatory reason for the adverse employment action. If the defendant meets this burden, the burden shifts back to the plaintiff to demonstrate that the defendant's proffered reason is pretext.

*Antonio v. Sygma Network, Inc.*, 458 F.3d 1177, 1181 (10th Cir. 2006) (internal citation omitted). Further, to make out a prima facie case of discrimination, Mr. Dean has to show "(1) membership in a protected class, (2) [an] adverse employment action, and (3) disparate treatment among similarly situated employees." *Orr v. City Of Albuquerque*, 417 F.3d 1144, 1149 (10th Cir. 2005). Mr. Dean's burden at this stage is "not onerous" and he is only required "to raise an *inference of discrimination*, not dispel the non-discriminatory reasons subsequently proffered by the defendant." *Id*. (quotations omitted).

The district court held that the October 2003 CAM constituted an adverse employment action, but that Mr. Dean had not shown disparate treatment among similarly situated employees. The district court noted that Mr. Dean admitted that he was not aware of any employee who had failed to see a Boeing-authorized

workers compensation physician and then still had an absence excused as the result of a work-related injury.

Mr. Dean argues that it is not unusual that he could not show another employee receiving more favorable treatment in a similar situation considering the small number of employees that worked in the master mix area and the unusual nature of his request. But he argues that a reasonable jury could still have found that he was issued the October 2003 CAM on account of his race considering Mr. Petsche alleged historical propensity to harass him and treat him unfairly. But here the affidavits of Mr. Petsche and the human resources employee who was handling this situation make it clear that in requiring Mr. Dean to see an approved physician and in eventually issuing the October 2003 CAM, Mr. Petsche was simply taking direction from the human resources department. We therefore turn to the second alleged discriminatory action.

2. Clocking of January 2004 Absences

Mr. Dean missed work on January 6 and 7, 2004. Mr. Dean intended to use FMLA leave to excuse these absences and Boeing's policies required that he have his FMLA paperwork initialed by Mr. Petsche within two business days of returning to work. Mr. Dean missed this deadline by a number of days and Mr. Petsche refused to backdate the form since the two-day deadline was spelled out on the face of the form. Mr. Petsche also refused to clock these unexcused absences as vacation for the same reason that he had refused to clock Mr. Dean's

September and October 2003 unexcused absences as vacation, i.e., because Mr. Dean was under a previously-issued attendance-related CAM.

Mr. Dean alleges that he proved a prima facie case of disparate treatment discrimination in regard to Mr. Petsche's refusal to clock his January 6 and 7, 2004, absences as vacation. The district court held (1) that a refusal to clock an absence as vacation did not constitute an adverse employment action, and (2) that Mr. Dean had not shown disparate treatment in that he had admitted that he was not aware of any occasion when another employee had been allowed to have an absence clocked as excused vacation time when that employee was under an attendance CAM. Mr. Dean argues that the refusal to clock the absences in question as vacation constituted an adverse employment action and, as to disparate treatment, incorporates the argument he made as to the October 2003 CAM.

We need not determine whether the district court erred in finding that no adverse employment action occurred since we determine that no reasonable jury could find that Mr. Dean has proven disparate treatment in regard to this incident. It was undisputed that under the applicable collective bargaining agreement a request to use vacation credit as sick leave would "not be unreasonably denied" but such "requests will not normally be approved if the employee is then under a [CAM] for attendance." Aplt. App., Vol. I at 214. Therefore, under the bargaining agreement, the default management position on such requests was that

-9-

they were to be denied. Since Mr. Dean presented no evidence of Mr. Petsche approving such a request for *any* worker, and there was no evidence that Mr. Petsche had ever made any racially disparaging comments, no reasonable jury could have found that Mr. Dean's request for special treatment was denied because of his race.

C. Race Discrimination–Retaliation

In his third point, Mr. Dean alleges that Mr. Petsche refused to clock the January 6 and 7, 2004, absences as vacation time in retaliation for an EEO complaint that Mr. Dean filed in November 2003 regarding the October 2003 CAM. "In order to state a prima facie case for retaliation under *McDonnell Douglas's* first step, [a plaintiff] must demonstrate that (1) [he] engaged in protected opposition to discrimination; (2) [he] suffered an adverse action that a reasonable employee would have found material; and (3) a causal nexus exists between [his] opposition and the employer's adverse action." *Montes v. Vail Clinic, Inc.*, 497 F.3d 1160, 1176 (10th Cir. 2007).

The district court held that (1) the refusal to clock the absences as vacation did not constitute an adverse employment action, and (2) even if an adverse employment action did occur and the court were to infer causation–and therefore find that a prima facie case of retaliation was proven–from the fact that the refusal occurred shortly after the complaint was filed, no reasonable jury could conclude that Boeing's proffered non-discriminatory justification for

Mr. Petsche's refusal to deviate from the collective bargaining agreement was pretext.

The stated reason for Mr. Petsche's refusal to clock the absences as vacation was because of the terms of the bargaining agreement. In short, Mr. Dean is not arguing that he was treated less favorably than normal in regard to the clocking of these absences because of his race, but that Mr. Petsche refused to treat him more favorably than normal because he is African-American. We agree that no reasonable jury could find that the reason that Mr. Petsche refused to take the abnormal step of allowing Mr. Dean to clock his January 6 and 7 absences as vacation was because of his race. Mr. Dean had received attendance CAMs in September and October of 2003 and there was no evidence that Mr. Petsche had ever allowed such an action in the past.

D. Race Discrimination–Hostile Work Environment and Constructive Discharge

Mr. Dean's final allegations are that the district court erred when it determined that he did not present sufficient evidence of a hostile work environment or of a constructive discharge to survive Boeing's summary judgment motion. We affirm the district court's grant of summary judgment

as to these two points for the reasons set forth in its well-reasoned and persuasive January 25, 2007, Memorandum and Order.

### III.  Conclusion

The judgment of the district court is AFFIRMED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge